**Dated: October 18, 2016**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) | |
| ) | Case No. 15-14689-JDL |
| Nikki Marie Waldrop, ) | Ch. 7 |
| ) | |
| Debtor. ) | |
| ) | |
| Nikki Marie Waldrop, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ADV. 16-1015-JDL |
| ) | |
| Discover Bank, and ) | |
| Stephen L. Bruce, Esq., ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION TO DISQUALIFY COUNSEL**

This adversary proceeding presents the issue of whether garnishing creditor Discover Bank ("Discover") acting through its counsel Stephen L. Bruce ("Bruce") violated the automatic stay imposed by 11 U.S.C. § 362(a) entitling the Debtor/Plaintiff, Nikki Marie

Waldrop ("Waldrop"), to attorney's fees and damages pursuant to 11 U.S.C. § 362(k). Both Discover and Bruce are named as defendants herein. Before the Court is Waldrop's *Amended Motion to Disqualify Counsel* filed on August 22, 2016 (the "*Motion*") [Doc. 40] by which Waldrop seeks to disqualify Bruce and other attorneys in his firm from acting as both counsel for Discover and as counsel for Bruce and Bruce's *Response to the Motion* filed on September 9, 2016 (the "*Response*") [Doc 41].

As stated above, the first basis of the *Motion* was that an impermissible conflict of interest existed between Discover and Bruce that disqualified Bruce (and other attorneys in his firm) from representing both Discover and himself;[1] however, that issue has been rendered moot by Bruce having withdrawn as counsel for Discover and Discover's retention of new counsel not connected with Bruce or his law firm. [Doc. 42]. Thus, the only issue before the Court is whether Bruce and/or the attorneys in his law firm are disqualified from representing Bruce by virtue of Bruce and/or the attorneys testifying as potential witnesses in the case. The following constitutes the Court's findings of fact and conclusions of law required by Fed. R. Bankr. P. 7052, 9014 and applicable case law. *Fullmer v. Harper*, 517 F.2d 20 (10th Cir. 1975).

---

[1] Oklahoma Code of Professional Conduct Rule 1.7 provides, in pertinent part, that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest...if the representation of one client will be directly adverse to another client..." The Tenth Circuit has not adopted a per se rule requiring separate representation in the face of a potential conflict, but "if the potential conflict matures into an actual material conflict, separate representation would be required." *Johnson v. Board of County Commissioners for the County of Fremont*, 85 F.3d 489, 493 (10th Cir. 1996). There is little doubt that at the very least a potential conflict would have existed had Bruce continued to represent both himself and his co–defendant Discover. Substitution of counsel for Discover was appropriate.

## I. Facts and Procedural History.

1. On July 1, 2015, Discover filed a collection lawsuit against Debtor in the District Court of Cleveland County, Oklahoma styled, "*Discover Bank v. Nikki Waldrop, Case No. CS-2015-1346* (the "State Court Case").

2. Bruce along with attorneys in his office, Brandi L. Ladd ("Ladd"), Everett C. Altdoerffer ("Altdoerffer") and April D. Kelso ("Kelso") entered appearances on behalf of Discover in the State Court Case by and through the filing of the Petition. The Petition was actually signed by Ladd. [Doc. 40-1].

3. On October 5, 2015, default judgment was entered in the State Court Case against debtor in the amount of $5,977.13, with interest, costs and attorney's fees in the amount of $896.57. [Doc. 40-2].

4. On December 3, 2015, Bruce's office filed and issued a garnishment to Debtor's bank, JPMorgan Chase Bank ("Chase") seeking to enforce the State Court Judgment. The garnishment was served on Chase on December 7, 2015. [Doc. 28, ¶ 6].

5. On December 9, 2015, Waldrop filed her petition for relief under Chapter 7. [Doc. 1].

6. On December 11, 2015, Waldrop's attorney sent a fax to Bruce asking that the funds on deposit with Chase subject to the garnishment be released. [Doc. 13, pg. 3].

7. On December 15, 2015, Chase filed an Answer to the garnishment in the state court case stating that it was holding $1,033.64 in Waldrop's account. [Doc. 24 ¶ 4].

8. On December 16, 2015, Discover, through Defendant Bruce, wrote Chase and advised it that it should "hold the garnishment funds until further order of the court".

[*Complaint*, ¶ 10; Doc.10, pgs.1 & 4; Doc. 24, pg. 4].

9. On or about January 14, 2016, counsel for Waldrop called Bruce "in an attempt to resolve this matter. The call was not returned". [*Complaint,* ¶ 16].

10. No further action by either Waldrop, Discover or Bruce relative to the funds held by Chase was apparently taken until the filing of Waldrop's adversary *Complaint* on January 27, 2016, alleging that Discover and Bruce had violated the automatic stay imposed by § 362(a) of the Bankruptcy Code. [Doc.1].

## II. General Legal Standards Regarding Disqualification of Counsel.

The Court has the inherent power to disqualify counsel "where necessary to preserve the integrity of the adversary process." *Lowe v. Experian*, 328 F.Supp.2d 1122 (D. Kan. 2004). Motions to disqualify counsel are committed to the court's sound discretion. *Parkinson v Phonex Corp*., 857 F.Supp. 1474 (D. Utah 1994); *Beck v. Board of Regents of the State of Kansas,* 568 F.Supp.1107 (D. Kan. 1983) (the court should not act unless "the offending attorney's conduct threatens to 'taint the underlying trial' with a serious ethical violation."); *Greenebaum-Mountain Mortgage Co. v. Pioneer National Title Insurance Co.,* 421 F.Supp. 1348,1353-54 (D. Colo. 1976).

A motion to disqualify must be decided on the specific facts of each case, and the court must carefully balance the interest in protecting the integrity of the judicial process against the right of a party to have the counsel of its choice. *SLC, Limited V v. Bradford Group West, Inc.*, 999 F.2d 464, 468 (10th Cir. 1993). A functional analysis is required. *Graham v. Wyeth Laboratories*, 906 F.2d 1419 (10th Cir. 1990); *Polly Software International Inc. v. Su*, 880 F.Supp. 1487,1494 (D. Utah 1995). The elements pertinent to an

evaluation as to whether the objectionable circumstance taints the litigation include the egregiousness of any disciplinary violation, prejudice, the diminution of counsel's effectiveness, equitable considerations such as the hardship to the other side and the stage of trial proceedings. *Parkinson*, supra at 1476.

In evaluating the impact of a disciplinary rule for disqualification of the attorney, a literal reading of the disciplinary rules relating to conduct by attorneys is not required, but an approach that focuses on fairness is to be applied. *E.E.O.C. v. Orson H. Gygi Co., Inc.*, 749 F.2d 620, 621 (10th Cir. 1984); *Hunter Douglas, Inc. v. Home Fashions,* Inc., 811 F. Supp. 566 (D. Colo. 1992); *Greenebaum-Mountain Mortgage Co. v. Pioneer National Title Insurance Co.,* 421 F.Supp. at 1352-53 (the mere violation of a disciplinary rule does not automatically result in disqualification unless the claimed misconduct in some way taints the trial or legal system);  *The Procter and Gamble Co. v. Haugen*, 183 F.R.D. 571 (D. Utah 1998) (the court must reject the *per se* disqualification and require a showing of actual taint or a substantial likelihood); *Hempstead Video, Inc. v. Incline Village of Valley Stream*, 409 F.3d 127, 132 (2nd Cir. 2005) (noting that disciplinary rules "merely provide general guidance" and that "not every violation of a disciplinary rule will necessarily lead to disqualification").  Furthermore, disqualification of counsel is a "drastic" measure and the court should hesitate to impose it except when "necessary."  *Bullock v. Carver*, 910 F.Supp. 551, 559 (D. Utah 1995).

The moving party bears the initial burden of going forward with evidence sufficient to establish a prima facie case that disqualification is warranted. *Lowe v. Experian*, 328 F. Supp.2d 1122 (D. Kan. 2004); *World Youth Day, Inc. v. Famous Artists Merchandising*

5

*Exchange, Inc.*, 866 F.Supp. 1297 (D. Colo. 1994). The ultimate burden of proof, however, lies with the attorney or firm whose disqualification is sought. *Lowe*, 328 F.Supp.2d at 1125. An evidentiary hearing, is not required when the parties have fully briefed the issue of disqualification and there are no disputed issues of fact or there is otherwise no need for any additional evidence to be presented to the court. *Weeks v. Independent School District No. I-89 of Oklahoma County*, 230 F.3d 1201, 1212 (10th Cir. 2000). However, the court must make specific findings and conclusions when ruling on a motion for disqualification of counsel. *Fullmer v. Harper,* 517 F.2d 20 (10th Cir. 1975).

### III. Whether Testifying at Trial as Witnesses Disqualifies Bruce, Kelso and Altdoerffer from Participating as Trial Counsel.[2]

Waldrop has indicated that she regards Bruce, Kelso and Altdoerffer as "necessary witnesses" because they have either filed pleadings in the State Court Case, actually participated in the handling of the garnishment procedure, entered an appearance in this case, can testify as to the law firm's policies and procedures after debtors have filed bankruptcy and/or Bruce's financial condition for the purpose of determining punitive damages. It is not for the Court to determine the admissibility of such witnesses testifying or the scope of the testimony. That is left for another day. The only issue presently before the Court is whether if any of them are required to give testimony are any, or all, disqualified from acting as counsel for Bruce.

Motions to disqualify are governed by two sources of authority: first, attorneys are

---

[2] Plaintiff's *Motion* also sought the disqualification of attorney Brandi Ladd as counsel for Bruce. Ms. Ladd did not enter an appearance in this case and is no longer employed by Bruce's law firm. Insofar as this Motion is concerned, the issue of disqualification is moot with regard to Ms. Ladd.

6

bound by the local rules of the court in which they appear; second, they are decided under applying standards developed under federal law. *Cole v. Ruidoso Municipal Schools,* 43 F.3d 1373, 1383 (10th Cir. 1994). Local Rule LcvR 83.6 (b) for the United States District Court for the Western District of Oklahoma has adopted the Oklahoma Rules of Professional Conduct (the "Oklahoma Rules") as the standards governing attorney conduct in cases before it. Plaintiff's basis in seeking disqualification of Bruce and the other lawyers is under the "witness-advocate rule" embodied in Oklahoma Rule 3.7 entitled "Lawyer as Witness" which provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
>> (1) the testimony relates to an uncontested issue;
>>
>> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>>
>> (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

1. **Disqualification of Bruce.**

On its face, Oklahoma Rule 3.7 (a) would appear to disqualify Bruce from acting as counsel if, as clearly appears to be the case, he is going to be a witness at trial. As stated above, however, the drastic nature of disqualification requires that the courts avoid overly-mechanical adherence to disciplinary rules at the expense of litigants' rights freely to choose their counsel; that the court always remain mindful of the possibility of misuse of disqualification motions for strategic reasons; and the court consider the rationale behind

the "advocate-witness rule" embodied by Oklahoma Rule 3.7.  See e.g. *Schaffer v. Farm Fresh*, 966 F.2d 142, 146 (4th Cir. 2007); *Murray v. Metropolitan Life Insurance Co.*, 583 F.3d 173, 178 (2nd Cir. 2009).  Thus, notwithstanding the plain language of Oklahoma Rule 3.7 (or the equivalent ABA Model Rule), when applying such criteria courts have concluded that the witness-advocate rule is better read as not barring the attorney from pro se representation.  As clearly and thoroughly articulated in *Estate of Andrews by Andrews v. United States*, 804 F.Supp. 820, 825 (E.D. Va. 1992):

> Two rationales have been advanced for not applying the witness-advocate rule to the lawyer-litigant-witness. The primary rationale appears to be that the policy concerns underlying the witness-advocate rule are thought not to be implicated to a significant degree when the testifying lawyer is also a litigant, even when a member of his or her firm serves as trial counsel. See e.g. *American Cable*, 768 F.2d at 1196; *Bottaro*, 680 F.2d at 897 *** The Second Circuit observed in *Bottaro* that: 'the role of the lawyer-litigant-witness is confined to testifying and his or her interest in the outcome of litigation is clear to the trier of fact. No confusion of role or undue enhancement of advocacy results where the lawyer-witness' lack of disinterestedness is evident from his or her status as a party litigant.' 680 F.2d at 897.  Moreover, the unease of cross-examining opposing counsel, as distinguished from an adverse witness, also is thought to be obviated when the lawyer-witness is a litigant.
>
> As these observations make clear, the rationale for not applying the witness-advocate rule to the lawyer-litigant-witness is premised in part on the judgment that the interests of the client and the adverse party that the witness-advocate rule are designed to protect are not imperiled when the witness-advocate is also a litigant. Similarly, because the lawyer-litigant's interest in the case is clearly demarcated (and is indeed the same as that of every other litigant in the outcome of the case), and, consequently, because the risk of apparent confusion of roles and conflicts of interest inherent in the witness-advocate context are thought to be greatly reduced, the courts that fashioned the lawyer-litigant-witness

'rule' apparently have concluded that it does not substantially threaten the institutional interests in preserving the integrity of the bar and the judicial process and of promoting objective advocacy.

The second, and related, rationale for not applying the witness-advocate rule to a lawyer-litigant-witness is the view that all persons, including lawyers, have a statutory right to represent themselves or to obtain counsel to represent them in federal court. See 28 U.S.C. §1654 (1988)(citations omitted) *** The theory is that, at least when the policies underlying the witness-advocate rule are not implicated, lawyer-litigants should not be deprived of this right. See *Bottaro*, 680 F.2d at 897.

Following *Andrews*, in *Premium Products, Inc. v. Pro Performance Sports, LLC*, 997 F.Supp.2d 433, 436-437 (E.D. Va. 2014) the court found that Virginia Rule 3.7 does not cover lawyer-witness-litigants. In so doing, the court stated:

> *** In other words, the witness-advocate rule appears to bar lawyers from engaging in pro se representation. Nevertheless, several courts have concluded that the witness-advocate rule is better read as not barring pro se representation. *Andrews* at 824. "
>
> In lockstep with these courts, the Virginia State Bar ("VSB") has read its own witness-advocate rule, VRPC 3.7, not to apply where the lawyer is the litigant. In 1992, the VSB issued Legal Ethics Opinion ("LEO") 1498 on how to interpret Disciplinary Rule 5-101(B), the precursor to VRPC 3.7. The VSB wrote the following:
>
>> It is axiomatic that an individual may try his own case and testify on his own behalf. An individual's professional status as an attorney does not deprive the litigant of that right. Thus, when an attorney is a party to a lawsuit, particularly when called upon to defend himself, the conflict between advocate and witness do not apply and the lawyer may conduct the trial of the case although he may be a witness for himself.

9

See also, *Duncan v. Poythress*, 777 F.2d 1508, 1515 n.21 (11th Cir. 1985) (upon considering the lawyer-witness prohibition contained in Model Rule 3.7, the Court of Appeals concluded that "the advocate-witness rule is not applicable to the attorney pro se litigant."); *In re Nicole Energy Services, Inc.*, 385 B.R. 201 (Bankr. S.D. Ohio 2008) ("The advocate-witness rule applies only when the attorney is representing a client other than himself, not when the attorney-as the trustee did here-testifies and represents himself in the same proceeding."); *Wolk v. Cohen*, 1997 WL 197303 (E.D. Pa .1997) ("This Court has held that Rule 3.7 of the Pennsylvania Rules of Professional Conduct is inapplicable to attorneys representing themselves pro se. (citation omitted).  Rule 3.7 which is a standard "advocate-witness" rule, is not triggered when a pro se plaintiff also happens to be an attorney."); *In the Matter of the Estate of Walsh*, 840 N.Y.Supp.2d 906 (N.Y. 2007) ("[W]here attorneys are themselves parties to litigation, including litigation involving a partnership of which the attorney is a partner, the right of litigants to represent themselves usually trumps disqualification under the advocate-witness rule with the result that attorney-litigants may represent themselves pro se, as well as the partnerships of which their members, notwithstanding that they will testify at the trial.").

The Court believes that whether Bruce can testify and act as counsel also raises important Sixth Amendment right to counsel principles.  Bruce has the unquestioned right to self-representation.  See 28 U.S.C. § 1654.[3]  That right, however, is not absolute. Against that right the Court must be sensitive to the competing public's interest of requiring

---

[3] **"Appearance personally or by counsel**. In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

professional conduct and the proper safeguarding of the judicial process, together with the interest of each party to the litigation. See e.g. *General Mill Supply Co. v. SCA Services, Inc.*, 697 F.2d 704, 711 (6th Cir.1982). The purpose of the disciplinary rules regarding counsel acting as a witness is to "prevent situations in which others might think the lawyer, as witness, is distorting the truth for his client or is enhancing his own credibility as an advocate by virtue of having taken an oath, as witness, as well as the uneasy situation that arises when opposing counsel must impeach on cross-examination another lawyer-adversary." *In re American Cable Publications, Inc.*, 768 F.2d 1194, 1196 (10th Cir. 1985).

Those considerations are of little concern when a case is tried to the court rather than a jury. This Court as the trier of fact is not going to be confused, as might a jury, whether Bruce's role of both advocate and witness "so blurs the line between argument and evidence that the ability to find facts is undermined." *Ramey v. District 141, International Association of Machinists & Aerospace Workers,* 378 F.3d 269, 282-83 (2nd Cir. 2004). "[T]he critical question is not whether a lawyer will be called as a witness, but whether the litigation can be conducted in fairness to all if the attorney is a witness. An attorney should not be disqualified unless the ethical problems posed by his role as a witness taints with misconduct the trial in the underlying adversary process." *Ramsay v. Boeing Welfare Benefit Plans Committee*, 662 F.Supp. 968, 970 (D. Kan. 1987). In fairness to all parties, and to the judicial system, the Court believes that the trial of this case will not be tainted by permitting Bruce, assisted by members of his firm, to act as both pro se counsel and a witness.

11

**2. Disqualification of Attorneys Kelso and Altdoeffer.**

Waldrop has also moved to disqualify attorneys Kelso and Altdoeffer because *she*, not Bruce, may call them as witnesses.[4] Unlike Bruce who by his role as a pro se party litigant is accorded greater latitude from the constraints of the advocate-witness rule under Oklahoma Rule 3.7 (a), Kelso and Altdoeffer may be subject to disqualification. Oklahoma Rule 3.7 (a) provides, in pertinent part, that "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness", subject to certain applicable exceptions which will be discussed below.

The Court has already discussed that disciplinary rules in and of themselves are not the beginning and end of the consideration of motions to disqualify. This is particularly true where the motion is to disqualify opposing counsel, and it is the movant who intends to call the attorney-witness. "Rule 3.7 lends itself to opportunistic abuse. 'Because courts must guard against the tactical use of motions to disqualify counsel, they are subject to fairly strict scrutiny, particularly motions' under the witness-advocate rule. *Murray v. Metropolitan Life Ins. Co.,* 583 F.3d 173, 178 (2nd Cir. 2009) (citing *Lamborn v. Dittmer*, 873 F.2d 522, 531 (2nd Cir. 1989)). Where the attorney's adversary is the party that intends to call the attorney's witness, the adversary "bears the burden of demonstrating specifically how and as to what issues in the case the prejudice may occur and that the likelihood of prejudice occurring is substantial." *Paramount Communications, Inc. v. Donaghy*, 858 F.

---

[4] Bruce in his *Response,* without expressly so stating, makes it clear that he does not intend to call Kelso or Altdoeffer as witnesses on his behalf and even suggests as witnesses other attorneys in his office that are not going to participate as counsel. This Court's Opinion is premised upon *Bruce* not calling Kelso or Altdoeffer on his behalf. If Bruce does intend to call them as witnesses he should immediately notify the Court; if he does not, the Court may preclude him from calling Kelso and Altdoeffer as trial witnesses.

Supp. 391, 395 (S.D. N.Y. 1994). "Additionally, where only the moving party intends to call the adversary's attorney as a witness, the party seeking disqualification must demonstrate *both* that: (1) the lawyer's testimony is 'necessary'; and (2) there exists a substantial likelihood that the testimony would be prejudicial to the witness-advocate's client." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 126 F.Supp.3d 413, 420 (S.D. N.Y. 2015).

First, is the testimony of Kelso and Altdoeffer "necessary" as required by Oklahoma Rule 3.7 (a)? "A lawyer is a 'necessary' witness if his or her testimony is relevant, material and unobtainable elsewhere." *World Youth Day, Inc. v. Famous Artist's Merchandising Exchange, Inc.*, 866 F.Supp. 1297, 1302 (D. Colo. 1994); *Religious Technology Center v. F.A.C.T. Net, Inc.*, 945 F.Supp. 1470, 1474 (D. Colo. 1996). The attorney's testimony is not "necessary" if it is merely cumulative. *Id*; *Chapman Engineers, Inc. v. Natural Gas Sales Co., Inc.*, 766 F.Supp. 949 (D. Kan. 1991) ("disqualification is not required if the testimony would be merely cumulative"); *Kubin v. Miller*, 801 F. Supp.1101,1113 (S.D. N.Y. 1992).

Here, Waldrop apparently seeks the right to call Kelso and Altdoeffer because their names (although not their signatures) along with Bruce and Ladd appear on the state court pleadings and the pleadings in this case. There is no assertion in the *Motion* or *Response* by either Waldrop or Bruce that either Kelso or Altdoeffer had any actual involvement in the state court proceedings, in particular the issuance of the garnishment or communication with the garnishee regarding the same. "Speculation as to the testimony that counsel would give is not sufficient to support a motion to disqualify." *John Wiley & Sons, Inc.*, 126 F.Supp.3d at 423.

Waldrop also asserts that Kelso and Altdoeffer might give testimony as to both "Bruce and Discover's policies and guidance as to garnishments after bankruptcy has been filed and Bruce's financial information for punitive damage purposes." [Doc. 40, pgs. 14-15]. Bruce is going to testify, and as stated in his *Response,* he is the senior partner in the law firm and he would be the most knowledgeable person to testify as to the firm's policies and procedures and, certainly, his financial information. Furthermore, Ladd is no longer a member of Bruce's law firm and is thus subject to subpoena without regard to the consideration of the advocate-witness rule and Oklahoma Rule 3.7. Presumably, she, like Bruce, would be competent to at least testify as to policies and procedures which would make any potential testimony of Kelso and Altdoeffer merely cumulative or collaborative of other witnesses. That being the case, it appears to the Court the testimony of Kelso and Altdoeffer cannot be said to be "necessary", and disqualification is inappropriate.

Second, since Waldrop has not established the first prong required to disqualify opposing counsel that the testimony of the advocate-witness be "necessary", the Court need not dwell at length on the second prong of the test that there exists a substantial likelihood that the testimony of the advocate-witness be prejudicial to his client. Suffice it to say, there is nothing before the Court to suggest that the testimony of Kelso and Altdoeffer would be prejudicial to Bruce.

For the above and foregoing reasons,

**IT IS ORDERED** that Plaintiff Waldrop's *Amended Motion to Disqualify Counsel* [Doc. 40] is ruled upon as follows:

1. To the extent that Waldrop seeks to disqualify Defendant Stephen L. Bruce from

14

representing himself either in pretrial proceedings or trial, the Motion is **DENIED.**

    2.  To the extent Waldrop seeks to disqualify Everett C. Altdoeffer and April D. Kelso from representing Defendant Stephen L. Bruce in pretrial proceedings and at trial by calling them as trial witnesses on her behalf, the *Motion* is **DENIED.**

# # #