**Dated: November 10, 2016**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 15-14689-JDL |
| Nikki Marie Waldrop, | ) | Ch. 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Nikki Marie Waldrop, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. 16-1015-JDL |
| | ) | |
| Discover Bank, and | ) | |
| Stephen L. Bruce, Esq., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO COMPEL

Plaintiff Nikki Marie Waldrop ("Waldrop") initiated this adversary proceeding alleging that the garnishing creditor, Defendant Discover Bank, acting through its counsel, Defendant Stephen L Bruce ("Bruce") violated the automatic stay imposed by 11 U.S.C.

§ 362(a).  Before the Court is Waldrop's *Motion to Compel Defendant Stephen L. Bruce to respond with proper Answers to Interrogatories* (the "*Motion*") [Doc. 43] and Bruce's *Response and Objection to Plaintiff's Motion to Compel Discovery* ("*Response*") [Doc. 56].

**Background**

The relevant facts are not in dispute and may be summarized as follows: On or about August 4, 2016, Waldrop issued discovery requests in the form of *Plaintiff's Interrogatories to Defendant Stephen L. Bruce* consisting of six Interrogatories. [Doc. 43-1].  On September 6, 2016, Bruce submitted to Waldrop his *Response to Plaintiff's Interrogatories*.[1]  [Doc. 43-2].  Because Waldrop's counsel obviously took issue with the adequacy of the Answers to Interrogatories, on September 8, 2016, counsel for both sides participated in a telephonic conference in a good faith attempt to resolve their differences as is required by Fed .R. Bankr. P. 7037(a)(1) and Local Rule 7037-1 as a condition precedent to the filing of any motion relating to discovery disputes.  Following the telephonic conference, Bruce did supplement the Responses by providing Waldrop's counsel with a one-page copy of the internal bankruptcy standard operating procedures used by Bruce's law firm.

On September 22, 2016, Waldrop's counsel wrote Bruce's counsel a lengthy letter detailing his position that Bruce had failed to properly object, to fully answer the Interrogatories or to properly supplement his Responses. [Doc.43-3].  The letter specifically

---

[1] To avoid any confusion between the "Response" which Bruce filed to Waldrop's Motion to Compel on October 27, 2016, and Bruce's titling his answers to Waldrop's Interrogatories as a "Response", the Court will refer to the Response to the Motion to Compel as the "Response" and the actual responses to the Interrogatories as "Answers to Interrogatories" (notwithstanding the fact that there were, in reality, no "answers" made).

addressed how each of Bruce's Responses to each of the six Interrogatories was, in Waldrop's counsel opinion, insufficient. It appears from allegations in Waldrop's *Motion* that Bruce has not supplemented his original Answers to Interrogatories. It appears to the Court that Waldrop's counsel has adequately set forth in the *Motion* essential facts sufficient to enable the Court to pass judgment on the adequacy and sincerity of the good faith conferment requirement under Rule 7037(a)(1) preparatory to the filing of this *Motion*.

**Analysis**

Rule 33 of the Federal Rules of Civil Procedure, made applicable to bankruptcy by Fed. R. Bankr. P. 7033, provides that a "party may serve on any other party no more than twenty-five written interrogatories, including all discrete parts." Discovery rules ought to be accorded a broad and liberal treatment. Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action. *Miller v. Doctor's General Hospital*, 76 F.R.D. 136, 138-9 (W.D. Okla. 1977). "The party objecting to . . . discovery bears the burden of showing why discovery should not be permitted." *Alexander v. FBI*, 194 F.R.D. 299, 302 (D. D.C. 2000); *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir.2004). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Bankr.P 7033(b)(4). The Court "looks with disfavor on conclusory or boilerplate objections that discovery requests are irrelevant, immaterial, unduly burdensome, or overly broad." *Sonnino v. University of Kansas Hospital Authority,* 221 F.R.D. 661, 670 (D. Kan. 2004); *SEC v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006).

"[B]oilerplate objections that include unsubstantiated claims of undue burden, over breath and lack of relevancy," while producing "no documents and answering no interrogatories . . . are a paradigm of discovery abuse." *Jacoby v. Hartford Life & Accident Ins. Co.*, 254 F.R.D. 477, 478 (S.D. N.Y. 2009).

Before discussing in greater detail several of the general objections raised in Answers to specific Interrogatories, the Court notes that Bruce's general objections, without more, fail to satisfy the burden placed upon him by Federal Rules of Bankruptcy Procedure to justify his objections. Bruce makes little or no effort in the Answers to Interrogatories to explain why he finds the discovery request to be overly broad, burdensome, irrelevant, or not reasonably calculated to lead to discovery of admissible evidence. The Court will address this issue in regard to specific Interrogatories in the remaining portion of this order. Before proceeding to do so, however, the Court is compelled to address Bruce's *Response* filed on October 27, 2016 [Doc. 56].

Bruce's *Response* does contain a more substantive basis for the objections to the Interrogatories than the boilerplate, unresponsive objections contained in his Answers to Interrogatories. What is deeply concerning to the Court is that any substantive objections contained in his *Response* should have been, indeed are required to have been, contained in the Answers to Interrogatories in the first instance. The law is clear that any objections to discovery contain a certain degree of specificity which was completely lacking in Bruce's Answers to Interrogatories. The Court should have been able to determine whether Bruce had a legitimate basis for objection to the Interrogatories by looking at the Answers themselves without resorting to his *Response* after Waldrop felt compelled to file a motion with the Court.

4

Interrogatory No. 1 asks Bruce to identify all documents, writings, statements and communications that he reviewed, identified, referred to, and/or relied on in answering any of these requests. Bruce's Answer to the Interrogatory interposes an objection on the basis that the interrogatory is overly broad, unduly burdensome, and some writings requested are subject to the attorney-client privilege. This boilerplate response is insufficient. This type of interrogatory is a standard one to which there is no basis for objection. As to the claim of attorney-client privilege, this is also insufficient. It is well settled that when a party withholds documents or any information based on the assertion of a privilege or work product immunity, "a party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed.R.Civ. P. 26(b)(5); *Sonnino,* 221 F.R.D. at 668; *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540 (10th Cir. 1984). To the Court's knowledge, Bruce did not provide any such information nor provide a privilege log. Under normal circumstances, the Motion to Compel as to this Interrogatory would be granted; however, there is an issue which precludes that determination at this time.

In his *Response*, Bruce asserts that he "offered to formally amend his response to Interrogatory Number 1 (to withdraw his asserted claim of the attorney-client privilege) but was notified by counsel for Plaintiff that such an amendment would not be necessary." [*Response*, Doc. 56, pg.4]. Waldrop's *Motion* makes no mention of Bruce's purported withdrawal of any claim of privilege and "requested Bruce fully answer Interrogatory No. 1 and provide a privilege log for any portions withheld due to claims of privilege." [Doc. 43,

5

pg. 6]. Given the obviously conflicting assertions of whether the privilege is or is not being asserted, a hearing will be necessary to resolve this issue.

Interrogatory No. 2 seeks the discovery of any insurance policy which Bruce might have covering the claims, damages or actions involved in this lawsuit. Bruce objects on the basis that the same is "irrelevant to the issues raised by the plaintiff in this matter." There is nothing vague, overly broad or irrelevant about a request for an insurance policy that may apply to a claim. Indeed, this is one of the basic items to be disclosed early on in civil litigation in federal court, without awaiting a specific request. Fed.R.Civ.P. 26(a)(1)(iv).[2]

Although not stated in the Answer to Interrogatory No. 2, in his *Response* Bruce asserts that in his Initial Disclosures (to which the Court is not privy) he advised Waldrop's counsel that there was no such insurance policy in existence. Bruce apparently contends that the absence of any insurance policy is totally consistent with, or equivalent to, his stated objection in the Answer to the Interrogatory that the discovery of any insurance policy was "irrelevant". This is unacceptable playing of word-games. The Court does not regard "irrelevant" as the same as "there is no insurance policy." The Motion to Compel is granted. If there is no applicable insurance policy the same should be so stated under oath.

Interrogatory No. 3 seeks discovery of any and all lawsuits in which a motion for sanctions or Fair Debt Collection Practices Act claims have been filed or asserted against Bruce in any bankruptcy adversary proceeding with the past ten years. Bruce objects to

---

[2] Although the Initial Disclosures required by Rule 26(a)(1) are not applicable to adversary proceedings by Local Rule 7026-1 A, that does not make disclosure of insurance policies irrelevant, only that they need not be provided or disclosed "without awaiting a discovery request."

the same on the basis that the interrogatory is "unduly burden, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence." Prior similar litigation, however, is relevant, particularly where punitive damages are sought for the violation of the automatic stay. When discovery sought appears relevant on its face, the party resisting discovery has the burden to establish the lack of relevance by demonstrating that the discovery (1) does not come within the broad scope of relevance as defined by under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the ordinary presumption in favor broad disclosure. *Gassaway v. Jarden Corp,* 292 F.R.D. 676, 684 (D. Kan. 2013).

The Court finds that prior similar charges, lawsuits and adversary proceedings regarding Bruce having violated the automatic stay are relevant. In his Response, Bruce states that he "can affirmatively state that he has never been sued in an adversary proceeding for taking an action which that (sic) the debtor's own attorney not only consented to but requested." This response smacks of a "negative pregnant" in which Bruce is not denying whether he has ever been sued in an adversary proceeding but only one in which the exact particular facts of this case are applicable. In effect, Bruce is attempting to unilaterally modify the discovery request by adding new parameters. This he cannot do. The Motion to Compel will be granted in so far as it seeks discovery of lawsuits against Bruce or his firm for violations of the automatic stay or other sanctionable conduct in bankruptcy. The Court, however, restricts the scope of time period for such information from ten (10) years to five (5) years preceding the filing of this adversary.

Interrogatory No. 3 also seeks discovery of all suits brought against Bruce under the Fair Debt Collections Practices Act (FDCPA) within the last ten (10) years. Although a

more specific objection should have been stated in the Answer to Interrogatory No. 3 rather than solely in Bruce's *Response*, the Court does agree with Bruce that the relevancy of an FDCPA violation and a violation of the automatic stay is, at best, tenuous. There are, however, circumstances in which the bankruptcy court and the FDCPA merge, mostly with regard to whether the filing of a proof of claim filed in a bankruptcy case which is barred by the statute of limitations under state law constitutes a violation of the FDCPA. To resolve a conflict between the Courts of Appeal, that issue is presently before the United States Supreme Court.[3]  The Court will sustain the Motion to Compel as it pertains to Interrogatory No. 3 only in so far as it seeks discovery of claims brought against Bruce under the FDCPA involving a debtor who has sought relief under the Bankruptcy Code within five (5) years preceding the filing of this adversary.

Interrogatory No. 4 requests Bruce to identify his "policies and procedures for collection activities and/or treatment of an account once a debtor has filed bankruptcy" including those from Defendant Discover Bank.  Once again Bruce objects to the interrogatory as "overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence."  Such materials are clearly discoverable, and any argument to the contrary is simply beyond the pale.  In his *Response* Bruce states that he "can affirmatively state that none of the identified sources make up his firm's internal procedures." He should have said so under oath when he initially answered the Interrogatory. The Motion to Compel is granted as to Interrogatory No. 4.

---

[3] *Midland Funding, LLC  v. Johnson,* 823 F.3d 1334 (11th Cir. 2016), cert. granted 2016 WL 4944674 (Oct. 11, 2016).

8

Interrogatory No. 5 requests Bruce to "identify all Discover attorneys, staff, employees and any and all representatives with whom You have communicated regarding to Waldrop." Bruce's Answer interposes an objection on the basis that the interrogatory is "overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. This boilerplate response is insufficient. In his Response, Bruce does not elucidate or even address Interrogatory No. 5. The Motion to Compel will be sustained as to Interrogatory No. 5.

Interrogatory No. 6 requests Bruce to identify how many Discover accounts he has received for debt collection, his fee agreement with Discover (for example, flat fee or percentage of recovery), and the total amount of compensation he has received for these files in 2013, 2014 and 2015." Bruce's Answer to the Interrogatory repeats the mantra of "overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence." In his *Response* Bruce explains his objection that such information is not discoverable because (1) Waldrop has not alleged any facts that would support a claim for punitive damages and (2) Bruce's financial condition could be better done by a profit/loss statement or information related to Bruce's current financial condition.

Bankruptcy Code § 362(k) permits the recovery of punitive damages for violation of the automatic stay "in appropriate circumstances." This Court will have to determine whether there was a violation of the automatic stay, determine any actual damages for same and, if the violation was egregious, i.e. "appropriate circumstances", whether punitive damages might be awarded. Contrary to that asserted by Bruce in his *Response*, Waldrop has alleged sufficient facts which *if proven at trial* may or may not entitle her to punitive damages. Bruce incorrectly conflates "allegation" with "proof". For discovery purposes,

9

it is not required that a plaintiff "prove" her entitlement to punitive damages before requiring defendant to produce information relative to insurance or financial condition. Information of defendant's net worth or financial condition is relevant because it can be considered in determining punitive damages. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270, 101 S.Ct. 2748, 2761 (1981); *Ramsey v. Culpepper*, 738 F.2d 1092, 1099 (10th Cir. 1984). For discovery purposes, it is sufficient that if as a matter of law the plaintiff is entitled to recover punitive damages and has sufficiently alleged facts entitling her to the same, federal courts permit pretrial discovery of financial information of the defendant without requiring plaintiff to establish a *prima facie* case on the issue of punitive damages. *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.,* 130 F.R.D. 149 (D. Kan.1990 )*; Miller v. Doctor's General Hospital,* 76 F.R.D. 136, 140 (W.D. Okla. 1977); *Baker v. CNA Insurance Co.*, 123 F.R.D. 322, 329-30 (D. Mont.1988). The *Motion to Compel* as to Interrogatory No. 6 is granted; however, if Bruce requests the same the court would enter an appropriate Protective Order restricting the dissemination of any financial information disclosed.

     The Court has one further observation. Much of Bruce's *Response* seeking to prevent discovery appears to be based largely on the premise that Waldrop's case is so weak and a finding in Bruce's favor so inevitable that Waldrop is not entitled to discovery to which she is clearly entitled under the Federal Rules. Consistent with that position, on October 27, 2016, Bruce filed his *Motion for Summary Judgment* [Doc. 55], and in his *Response* requests that the Court's decision on Waldrop's *Motion to Compel* be held in abeyance until a decision is rendered on the Defendant's *Motion for Summary Judgment*." [Doc. 56, pg.1]. This Court will not preclude any party from conducting proper discovery

simply because the opposing party believes his case to be a "slam-dunk". This is particularly true where, as here, Waldrop served only six (6) interrogatories of a general, straight-forward nature, and common to much litigation and under no reasonable interpretation could be regarded as imposing an undue hardship. Bruce regards this limited discovery as "abusive". It is not.

Accordingly, Bruce's request to hold Waldrop's *Motion to Compel* in abeyance is denied. Further, Bruce is ordered to Answer the Interrogatories consistent with the Court's findings as set forth herein within 10 days of the entry of this Order.

**IT IS SO ORDERED.**

# # #